Sutlife, J.
I concur with my brethren in the opinion expressed in this case, that the judgment below ought to be affirmed; but I. can not assent to the reasons expressed in that opinion for the affirmance. I will therefore briefly state my views of the case:
The defendants'below urged, as a defense to each cause of action set forth in the petion, the alleged fact that an obligation was taken for money loaned by the Licking County Bank, which, in form,, was in contravention of the statute law of the state, and that the note was taken by the bank in consideration of, and in satisfaction-for, the loan.
If the obligation was, in fact, accepted by the bank in contravention of the statute, so as to be thereby rendered void, obviously an action could not have been maintained thereon by the Licking, *30 ■County Bank; nor would the State Bank, as the assignee of that 'bank, have any superior right of action upon the obligation. And if this objection can be sustained to the right of recovery upon the •first cause of action, so long as the doctrine held in the case of the Bank of Chillicothe v. Swayne et al., 8 Ohio, 257, and in the case of Miami Ex. Co. v. Clark, 13 Ohio, 1, shall continue to bo ad-hered to, the same facts would seem ^equally ajjplicable as a •defense to the second cause of action.
Let us then proceed to examine the question upon which the whole defense rests. Is the form of the obligation sued upon prohibited by sec. 64 of the act to incorporate the State Bank of Ohio, ■etc., referred to ?
The provisions of that section are as follows:
“All notes, bills, and other evidences of debt, except bills of exchange discounted by any banking company, shall be made, by the terms thereof, or by special indorsement, payable solely to said •company; and no such evidence of debt shall be assignable except for collection or the following purposes :
“ 1. To pay and redeem the circulating notes of such company.
“ 2. To pay other liabilities of the company; and after such liabilities shall have been discharged,
“3. To divide among the shareholders on their stock.”
Hoes the obligation set forth in the petition come within the provision of this statute ? It certainly is not included in the language ■of the statute. The Licking County Bank is the only payee expressed in the terms of the obligation. The obligation is therefore payable by the language therein expressed, “ by the terms thereof . . . . solely to said company.” Such was the terms of the obligation when received by the Licking County Bank, and such, .as appears by the pleadings, are still the terms thereof.
And the provisions of the statute in this case being urged as a penal statute in effect by the defendant, to work a forfeiture of the money lent, the plaintiff was entitled to the benefit of a strict construction of the statute. The defense which the defendants seek to .avail themselves of, being one only of strictissind juris on their part, and utterly wanting in equity, must be clearly shown, in order to entitle them to the benefit of such defense.
The statute has not, in its provisions, prescribed anjform *in whieh the notes or obligations to the banking companies should be •drawn ; and the banking companies are not by the provisions of *31 this statute, as expressed, prohibited inserting in the notes or obligations, payable to themselves respectively, after the name of the j)ayee, the words, “ or order.” Without those words the obligation would be obviously, in this case, payable solely to the Licking County Bank. With those words, no one can say that the obligation has become payable, “by the terms thereof,” to the Licking County Bank jointly with any other payee; nor has the obligation, by the terms thereof, become payable to any oilier payee; but it still remains, by “the terms thereof,” payable solely to the Licking County Bank.
Again, the language of this section of the statute does not require absolutely that the obligation should be made payable solely to the bank by the terms thereof. The provision of the statute is in the alternative. The language is, “all notes, bills,” etc., “shall be made by the terms thereof, or by special indorsement, payable solely to such companj’’,” etc. Now, if this obligation had been made by the defendants payable to Jesse S. Yanatta, or order, and had been by him specially indorsed to the Licking County Bank, the paper would have been as strictly within the letter of the provision of the statute, as if the obligation had been made payable to the bank, and without the words “ or order.” It therefore appears from the language of section 64, not only that the words “ or order ” are not prohibited, but that they are clearly, by implication, permitted. Nor is the note or obligation assignable or negotiable by the banking company, by reason of the words “ or order,’’ except in the cases provided in the conclusion of that section.
The object of section 64 is shown by the next section, which provides that “all transfers of the notes, bonds, bills of exchange, and other evidences of debt, owing to any banking company,” , . . . “ made after the commission of an act of insolvency, or in contemplation thereof, *with a view to permit the application of its assets in the manner prescribed by this act, or with a view to .the preference of one creditor to another, except in the payment of its circulating notes, shall be held utterly null and void.” It thus appears evident that the object of section 64 was to have the notes and other evidences of indebtedness received by the banking companies, either upon the face of the instrument, or by the indorsement thereon show the proprietorship of the bank to the paper, at the time of the same being discounted by the bank. The same section prohibiting the bank from assigning the paper, *32 except for the purposes named in said section, takes away the negotiable character of the paper, except for the particular purposes specified, and tends to prevent the transfer thereof in violation of the provisions of section 64, above mentioned.
The object of both sections is evidently to thereby both protect the billliolders and creditors of the bank, by more certainly securing-the assets of the bank and compelling their application to the honest and equal payment of its creditors in the manner proscribed by said act.
Having the object of section 64 thus plainly exj>ressed, oven if it. wore doubtful whether the bank had authority to receive and collect such an obligation as this, the rules of interpretation applicable, in such cases, to give effect to the entire act so far as practicable, “ut res magis valeat quam pereatfi would require us to hold the obligation valid. It should appear very clearly that the bank is, by the terms of the section referred to, prohibited taking an obligation, in such form, before we could be authorized to give such a construction to the law as to work a forfeiture of the money lent, and “preclude the plaintiffs from a recovery in this case; especially when such a construction would evidently militate against the-object of that section, by diminishing instead of protecting and-saving the assets of the banking company.
The main object of the provision being to prevent the note and like assets of the banking company being ^diverted from their-legitimate object, that of meeting the legal liabilities of the institution, the provision ought to bo construed so as to carry out its-object. And this section 64, having taken away the negotiability of all such notes payable to, or indorsed to the banking company,. except in the cases specified, in any other cases the notes would not be negotiable, even with the words “or order.” The oar-mark put upon all this kind of paper, is the name of the hank expressed as payee or indorsee thereof. When upon the face of the note or the indorsement it is Shown to belong to the bank, all persons are thereby notified that the same can only be assignable for collection,, to pay the indebtedness of the bank, or as a dividend to shareholders of the stock of the bank. And for those three purposes the-provisions of the act, as indicated by its language and object, intended that such notes should be assignable by the bank.
The act contemplates that, for the purposes of collection, a bill, or promissory note, payable in London or Paris, or at any other *33 place, and necessarily to bo sent there for collection, may be assignable. If payable to the bank “ or order,” and assigned to the foreign agent of the bank, it might be by him very readily collected. But if the bill or note is to be destitute of words of negotiability, of what avail is an assignment? It must still be sued in the name of the bank. In like manner, section 64 provides that the note or bill so payable or indorsed to the bank, may be assignable to pay the liabilities of the bank. But if a merchant residing in London, wore willing to accept a bill or note for $10,000, payable in London, and which the bank could procure of a debtor, in payment of notes of the bank to that amount held by the merchant, he would doubtless require the indorsement of the bill to be made in the usual form. And the very fact that the negotiability of the bill was to be distinguished, in its terms or indorsement to the bank, by the suppression of the words “or order,” might utterly defeat the negotiation of the paper in the very cases ^contemplated by the statule as lawful and proper. And even if an assignment in such a case could be effected, the taking away the negotiability of the paper must necessarily depreciate its value, and the assets of the bank would be thereby so far forth impaired, instead of improved, by the operation of the statute. For, the possibility of the maker of the note or drawer of the bill, in such a case, setting up some defense against the paper, which he could not, if it were negotiable; and the consideration that the only legal right of action upon the-paper was to remain in the bank, and perhaps by a forfeiture of its franchise, or in some other-way to bo defeated, in consequence of the paper not being negotiable, are considerations which must necessarily reduce the valtie of such paper. And thus, while the express provision of the statute is, that the paper shall be assignable for the four purposes specified, this construction of the statute greatly embarassos, and tends to prevent such assignments for either of the purposes specified. Whether, therefore, we look only to the provisions of section 64, or whether we have respect to the reason and object of the enactment as shown by the context, as well as by that section, I find myself unable to concur in the opinion arrived at by the other members of the court, as to the validity of the note. On the contrary, I am of opinion that the note or obligation set. forth in the record, by a fair and reasonable construction of section 64, is not in contravention of its provisions.
Nor can I perceive how the present case is to be distinguished *34 .■from that of the Miami Exporting Company against Clark, if that decision is to be still regarded as law, so as to authorize a recovery ■in this case upon the common counts, if the note were void. In "the case of the Miami Exporting Company v. Edmund Clark, 13 •Ohio, 1, the only defect in the bills of exchange received for the .money loaned by the bank, was want of power, on the part of the bank, to accept such bills. The bank was only ^empowered to take six per cent, interest upon its loans; the form of its notes being neither prescribed nor prohibited in any respect. But the court held in that case, that inasmuch as the bank had received a written memorandum of the agreement for the repayment of the loan, which was not in such terms as the bank was authorized to make, therefore the same was to be regarded as invalid; and further, that although the suit was against the man who had borrowed the money, the bank could not, in that case, recover back the money under the common counts.
In this case the majority of the court insist that the bank not only had no power to accept a note negotiable in form, such as here ■sued upon, but that the bank was actually prohibited taking such a note, and that the same is therefore invalid. In this state of the case, the bank does just what it did in the suit against Clark, when the note was declared invalid; it asks to recover, on the common counts, the money actually lent, and legal interest thereon; and the court in this case, without questioning the correctness of that, permit the plaintiff to recover independent of his note, which they ■declare invalid. I confess if I were to regard this note as one prohibited by statute, and invalid, I should be unable to reconcile the decision, that this plaintiff could then recover upon the second cause of action, under the rule laid down in that case against Clark.
For when it is well known that there were no usury laws in this .•state, but that the state was, under statute law, both paying and receiving a larger interest at the same time than the Miami Exporting Company was authorized to receive, or in fact contracted for, all that is said about the contract in that case being usurious, fainted with usury, etc., is simply gratuitous. All that could be (urged in that case as a legal objection to the plaintiff’s right to recover upon the common counts, I think would very clearly exist (against a right to recover in this case, if the note is to be considered ;as made in contravention of the statute.
*But I regard the note sued upon in this case, to be in con *35 formity with the provisions of section 64, and valid. And I therefore concur in the opinion expressed, that the judgment of the district court should be affirmed.